IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


UNITED STATES OF AMERICA

v.                                              CASE NOS. 1:97-cr-13-MP-AK
                                                          1:97-cr-47-MP-AK

CLYDE TURNER DELOACH,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        This cause is before the Court on Defendant's identical motions to vacate, one having

been filed in Cause No. 1:97cr13, Doc. 1301; the other, in Cause No. 1:97cr47, Doc. 141. The

Government has filed its responses in both cases, and Defendant has filed a reply.[1]  This cause is

therefore in a posture for decision.  Having carefully considered the matter, the Court

recommends that the motions to vacate be denied.

## BACKGROUND

        In 1:97cr13, Defendant was convicted of conspiracy to possess marijuana, cocaine, and

methamphetamine with intent to distribute and obstruction of justice by tampering with

witnesses.  Doc. 686.  In 1:97cr47, Defendant was convicted of two counts of assaulting a law

---

        [1]The reply docketed in 1:97cr47, Doc. 146, should have been docketed in 1:97cr13 as
well, since Defendant placed both case numbers on the document.  At this stage, over two years
after the reply was filed, it is really of no consequence, and the Court will merely consider the
reply as if it had been filed in both cases as Defendant intended.

enforcement officer.  Doc. 50.  Sentencing in both cases was held on the same day and resulted in a sentence of 292 months imprisonment--292 months on the drug and tampering convictions and 120 months concurrent on the assault convictions.  Defendant appealed both cases.  In a consolidated ruling, the Eleventh Circuit affirmed Defendant's convictions but vacated the sentences and remanded for resentencing "following a determination as to whether his co-conspirator's possession of a firearm was reasonably foreseeable by Deloach."  Doc. 1016.[2]

Defendant was resentenced to 282 months imprisonment--42 months on the drug conviction, 120 months on the tampering conviction, and 120 months on the assault convictions, to be served consecutively.  Defendant's Guidelines range had been 130-162 months.

Defendant again appealed.  On that occasion, the court found that the drug conspiracy and witness tampering sentences were "compliant with the mandates of *Apprendi*," but it vacated the total sentence and remanded for resentencing because the Court had failed to follow the procedures for imposing a consecutive sentence under the Guidelines.  Doc. 1245.

Thereafter, the Court appointed Jon Uman to represent Defendant at resentencing.  Doc. 1252.  Before sentencing, Uman filed objections to the Presentence Report.  Doc. 1262.  On March 23, 2004, Defendant was resentenced to 162 months imprisonment--42 months on the drug conviction to run consecutively to 120 months on the tampering conviction and 120 months on the assault convictions, to run concurrently.  Doc. 1263.

Defendant did not appeal the sentence, and the instant motions to vacate followed.

---

[2]With the exception of Defendant's reply, Doc. 146, all further document references will be to documents in 1:97cr13.

**DISCUSSION**

1.      *Booker* error.

In this claim, Defendant argues that in calculating his base offense level, the Court improperly assessed him with the total amount of marijuana involved in the conspiracy, rather than the amount personally attributed to him, and that this "upward departure" should have been found by the jury as required by *Booker*.

 *United States v. Booker*, 543 U.S. 220, 244(2005)  is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).  This claim should therefore be denied.

2.      Ineffective assistance of counsel.

Defendant first charges that Uman was ineffective for failing to advise him of "pending cases before Supreme Court" which "could potentially help" him.  The Court assumes that Defendant is complaining that counsel should have told him about the pendency of *Blakely* and *Booke*r.  This claim is patently frivolous.  Certiorari was not even granted in *Booker* until August 2, 2004, and though certiorari had been granted in *Blakely* at the time of Defendant's sentencing, argument was held on the same day as the sentencing hearing but was not decided until June 24, 2004.  At the time of sentencing, *Apprendi* controlled and had been interpreted by this circuit as having no applicability to the Sentencing Guidelines.  *United States v.  Sanchez*, 269 F.3d 1250, 1262 (11th Cir.  2001).  Even after *Blakely* was decided, the Eleventh Circuit found it inapplicable to the Sentencing Guidelines and specifically directed district courts to "continue to

sentence pursuant to the Guidelines until such time as the Supreme Court rules on this issue."
*United States v. Reese*, 382 F.3d 1308, 1312, 1312 n.2 (11th Cir. 2004). Thus, counsel did not act
ineffectively for failing to anticipate either *Blakely* or *Booker*.

Defendant also claims that counsel failed to object to the "incorrectly computed base
level offenses by Judge" and that counsel did not object to the obstruction of justice charge that
Defendant was not indicted for. After the last remand, the issue of the base offense levels and
the enhancement for obstruction of justice were not on the table. The only issue to be considered
on remand was whether any of Defendant's sentences could be imposed consecutively and if so,
for the Court to state on the record its reasons for running the sentences consecutively. Counsel
himself recognized as much, *see* Doc. 1306, Ex. A, and thus, he did not act ineffectively in
failing to raise any issue which the Eleventh Circuit had foreclosed on appeal.

  3.  Denial of right to appeal.

In Ground 3, Defendant states that Mr. Uman told him he should not appeal the sentence
"because it might hurt pro se litigant in the long run," since an appeal "might erase the previous
appellate decision." In Ground 4, he continues, claiming that Uman told him that he "could not
use direct appeal but should file § 2255," that Uman lied to him, and that "coercion was used by
this intimated threat" that "sentence could 'potentially damage' [Defendant's] future by erasing
the issue won at the appellate level."

Defendant's motion provides no further details in these two sections regarding the
appeal. However, in an earlier section of the motion to vacate form in which Defendant was
asked why he did not file any other appeals, he stated that after the original sentence was vacated
and remanded, he "chose to wait until the Supreme Court ruled on Blakely v. Washington and

U.S. v. Booker & U.S. v. Fanfan." Doc. 1301. After the Supreme Court ruled, he "then decided that Sentencing Enhancement should have been found beyond reasonable doubt, by a jury. Failure to do so is in violation of 6th Amendment and per U.S. v. Booker & U.S. v. Fanfan." *Id*. Further, the "two point obstruction of justice enhancement should have been in Indictment and decided by jury and not judge at sentencing." *Id*.

In response to Mr. Uman's affidavit, relating how "very, very happy" Defendant was with the result of the resentencing, Defendant submitted his own affidavit. Doc. 146. In that affidavit, Defendant confirmed that he and counsel indisputably conferred about an appeal after the resentencing and indicated that "[h]ad it not been for his urgings and warnings not to pursue the direct appeal," then he "would have most certainly...given notice of [his] intent to file an appeal." Later, he conceded that he and Mr. Uman "had a communication problem."

The framework for analyzing an ineffective assistance of counsel claim for failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Without dispute, it has long been the law "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477. "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*. "At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id*. at 477 (emphasis in original). If the defendant did not clearly convey his wishes one way or the other after counsel "consulted" with the defendant about an appeal, *i.e.*, counsel advised the defendant "about the advantages and disadvantages of taking an appeal, and [made] a reasonable effort to

discover the defendant's wishes," counsel performs unreasonably only by disregarding the defendant's express instructions to appeal.  *Id*. at 478.

If counsel has not consulted with the defendant about an appeal, then the court reviews whether the failure to do so constitutes deficient performance.  *Id.*  Where there is reason to believe either that a rational defendant would want to appeal, or that the particular defendant expressed an interest in appealing, then counsel's performance is deficient if he fails to consult with the defendant about an appeal.  *Id.* at 480.

Even if deficient performance is shown, the defendant must show that the deficient performance caused the forfeiture of his appeal.  *Id.* at 484.  In that regard, he must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  *Id*. at 484.  "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal.  But such evidence is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal."  *Id.* at 486.

Defendant must prove his claim that counsel rendered ineffective assistance of counsel by a preponderance of the evidence.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  "A 'preponderance of the evidence' simply means an amount of evidence that is enough to persuade...that the [Defendant's] claim is more likely true than not true."  Civ. Pattern Jury Instruct. 6.1 (11th Cir. 2000).

In this Court's view, Defendant's own words undercut any claim that counsel improperly failed to file a notice of appeal on Defendant's behalf or that counsel improperly coerced

Defendant into foregoing an appeal.  Defendant averred that counsel advised him that an appeal might have negative consequences, which is absolutely within an attorney's responsibilities to his client, and that but for that advice, he "would have most certainly...given notice of [his] intent to file an appeal."  This shows that Defendant accepted counsel's recommendation and consciously made the decision not to appeal based upon counsel's advice and that he did not tell counsel to file a notice of appeal.  At best, there was "a communication problem" between Defendant and Mr. Uman, which illustrates a failure on Defendant's part to give clear direction to Mr. Uman regarding the filing of an appeal.  Indeed, the Court believes that Defendant's statement that he did not consider an appeal until after the issuance of *Blakely* and *Booker* further undercuts both his suggestion that Mr. Uman ignored his desires or improperly coerced him into foregoing an appeal.

## CONCLUSION

Having carefully considered the matter, the Court finds no merit to any of Defendant's claims, and therefore, it respectfully **RECOMMENDS**:

That the motion to vacate in Cause No. 1:97cr13, Doc. 1301, be **DENIED;**

That the motion to vacate in Cause No. 1:97cr47, Doc. 141, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this _13th_ day of February, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

*Case Nos: 1:97-cr-13-MP-AK & 1:97-cr-47-MP/AK*

## NOTICE TO THE PARTIES

        **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case Nos: 1:97-cr-13-MP-AK & 1:97-cr-47-MP/AK*